UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CALLAHAN,

    Plaintiff,                                        Hon. Paul L. Maloney

v.                                                    Case No. 1:21-CV-559

STATE OF MICHIGAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, relying on 42 U.S.C. § 1983, initiated this action on July 1, 2021, against the State of Michigan. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

The present action is a continuation of a previous action Plaintiff initiated against various judicial officers serving on the Ottawa County Circuit Court. *See Callahan v. Miedema*, 1:20-cv-1170 (W.D. Mich.). In this previous action, Plaintiff challenged the imposition and continuation of a Personal Protection Order (PPO) entered against him at the request of a former romantic partner. (*Id.* at ECF No. 6). In the present action, Plaintiff is again challenging the imposition of a PPO against

1

him as well as numerous other wrongs perpetrated against him over a ten-year period by various judges and government officials. The only defendant in the present action, however, is the State of Michigan against which Plaintiff seeks more than one million dollars in damages.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). The Court further notes that the State of Michigan is not a person under 42 U.S.C. § 1983. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007) (citing *Will*, 491 U.S. at 71). Accordingly, the undersigned recommends that Plaintiff's claims against the State of Michigan be dismissed and this matter terminated.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    Respectfully submitted,

Date: July 27, 2021                           /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                      United States Magistrate Judge