UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CALLAHAN,　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　No. 1:21-cv-559
-v-　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Honorable Paul L. Maloney
STATE OF MICHIGAN,　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PENDING MOTIONS

Plaintiff Daniel Callahan sued the State of Michigan. The Court granted Plaintiff's request to proceed *in forma pauperis*. Plaintiff has filed several motions, which remain pending. For the reasons provided below, the Court will deny those motions. (ECF Nos. 7, 8 and 9.) The Magistrate Judge reviewed Plaintiff's complaint and issued a report recommending the Court dismiss the lawsuit. (ECF No. 12.) Plaintiff filed objections. (ECF No. 13.) The Court will adopt the report and recommendation.

A.  Pending Motions

1. Motion for Reconsideration (ECF No. 7.) Along with his complaint, Plaintiff filed several requests for temporary restraining orders. The Court denied those motions and Plaintiff seeks reconsideration. The Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 7.) The Court will dismiss the complaint. And, Plaintiff has not identified any legal proceedings in the state courts that need to be enjoined that are on-going or will occur before a hearing could be held.

2. Motion to Appoint Counsel (ECF No. 8.)  The right to counsel at the government's expense does not extend to civil cases.  *See Anderson v. Sheppard*, 856 F.2d 741, 747-48 (6th Cir. 1988).  Courts have discretion to appoint counsel in civil cases and may do so for "exceptional circumstances."  *Lavado v. Keohane*, 992 F.2d 605-06 (6th Cir. 1993).  In the Court's view, and in light of the Magistrate Judge's recommendation, the Court finds that exceptional circumstances do not exist here.  The Court **DENIES** Plaintiff's motion to appoint counsel.  (ECF No. 8.)

3. Motion for Leave to File and Receive Electronically.  (ECF No. 9.)  Plaintiff requests leave to file documents and to receive documents electronically.  Because the Court will adopt the report and recommendation and will dismiss the lawsuit, the Court **DISMISSES AS MOOT** Plaintiff's request for electronic filing privileges.  (ECF No. 9.)

### B. Report and Recommendation

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. Article III.  Plaintiff requests that his lawsuit proceed before an Article III judge. The Court dismisses the objection as moot.  The lawsuit is proceeding before an Article III judge.  Some matters may be referred to a magistrate judge.  When a magistrate judge

considers a dispositive matter, as occurred here, the magistrate judge makes a recommendation and the parties have an opportunity to file objections. The undersigned then resolves the objections.

2. Sovereign Immunity. The Magistrate Judge concludes that the State of Michigan enjoys sovereign immunity from the claims brought in this lawsuit. Plaintiff appears to acknowledge that sovereign immunity applies: "Defendant's [sic] again use their shield of Sovereign Immunity to steal property and to commit crimes upon the Plaintiff . . . ." (PageID.183.) The Court has carefully considered Plaintiff's argument and the citation contained in paragraph 4 (PageID.183) and finds no basis for rejecting the Magistrate Judge's recommendation. The State of Michigan has not consented to be sued in federal court, at least not under any circumstance relevant to Plaintiff's claims. To the extent Plaintiff objects to this particular recommendation, the Court overrules Plaintiff's objection.

3. Other Matters in the Report and Recommendation. Plaintiff devotes most of his objection to summarizing the allegations underlying his cause of action. The Court expresses no opinion about the merits of Plaintiff's claims. The summary, however, does not address any portion of the Report and Recommendation.

For these reasons, the Court **ADOPTS**, as its Opinion, the Report and Recommendation. (ECF No. 12.) The Court **DISMISSES** this lawsuit and will issue a judgment. **IT IS SO ORDERED.**

Date:   August 6, 2021                                   /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge